IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MOTT,                                    CV 06-29-MA

       Petitioner,                               OPINION AND ORDER

v.

JEAN HILL

       Respondent.


TONIA L. MORO
Assistant Federal Public Defender
15 Newtown Street
Medford, OR 97501
(541) 776-3630

       Attorney for Petitioner

HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Sr. Asst. Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

       Attorneys for Respondent


1 - OPINION AND ORDER

MARSH, Judge.

The matter before the court is petitioner's Second Amended Petition for Writ of Habeas Corpus (#37) filed pursuant to 28 U.S.C. § 2254.

In his original Petition, petitioner asserted 10 separate grounds for habeas relief, including one ground for relief based on ineffective assistance of counsel.  In his Amended Petition, petitioner asserted 10 grounds for habeas relief, all of which were based on ineffective assistance of counsel, including one ground based on counsel's failure to object to the unlawful imposition of consecutive sentences.

In his Second Amended Petition, which is before the court, petitioner now asserts only the one ground for habeas relief arising from the ineffective assistance of counsel for failing to object to the unlawful imposition of consecutive sentences.

## **FACTS**

Following a jury trial in 1998, Petitioner was convicted of Rape I and two counts of Sex Abuse I of a seven-year-old child. The state presented evidence that, on one occasion, defendant inserted his finger in the victim's vagina shortly before raping her.  Several months later, in a separate incident, defendant sucked on the victim's neck, creating a hickey.  The trial judge

2 - OPINION AND ORDER

found there were "three separate incidents" involving "separate acts, separate criminal intent, separate times, [and] consecutive sentence is warranted, and that's what I'll do." Tr. Sent. 17. The trial judge thereupon sentenced petitioner to consecutive terms of imprisonment of 100 months on the rape, and 75 months on each of the sex abuse counts, for a total sentence of 250 months.

## DISCUSSION

Petitioner contends his counsel at sentencing should have argued that the sexual abuse that occurred just before the rape was incidental to the rape and did not reflect an intent to commit a separate crime. Accordingly, the trial court erred in imposing a consecutive sentence as to that count. In his Second Amended Petition, petitioner asserts that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), the trial court also was required under the Sixth and Fourteenth Amendments to find the facts necessary to support a consecutive sentence beyond a reasonable doubt.

Respondent contends (1) petitioner did not "fairly present" his first ground for relief to the Oregon Supreme Court and, therefore, is procedurally defaulted from asserting as a ground for habeas relief, and (2) the Supreme Court's decision in Apprendi does not apply retroactively.

1.    **Procedural Default**.

    Standards.

    "A federal court may not grant habeas relief to a state
prisoner unless he has properly exhausted his remedies in state
court . . . by fairly presen[ting] federal claims to the state
courts."  28 U.S.C. § 2254(b)(1); Peterson v. Lampert, 319 F.3d
1153, 1156 (9th Cir. 2003).  In Oregon, "where review in the
highest court is discretionary, a prisoner must still petition
the highest court for review in order to exhaust his claim
properly."  Id.  A claim is "fairly presented" in the highest
court if a defendant "cit[es] in conjunction with the claim
the federal source of law on which he relies or a case deciding
such a claim on federal grounds, or by simply labeling the
claim 'federal'."  Baldwin v. Reese, 541 U.S. 27, 32 (2004).
"[O]rdinarily a state prisoner does not fairly present a claim
to a state court if that court must read beyond a petition or a
brief (or a similar document) that does not alert it to the
presence of a federal claim . . . ."  Baldwin v. Reese, 541 U.S.
27, 32 (2004).

    Petitioner's State Appeals.

    Plaintiff challenged the trial court's imposition of the
consecutive sentences in his Petition for Post-Conviction Relief,
in which he contended, inter alia, he "was denied adequate and
effective assistance of trial counsel in that trial counsel

failed to object  to the court's unlawful imposition of

consecutive sentences."

    Thereafter, he filed a "Balfour" brief with the Oregon Court

of Appeals.  See State v. Balfour, 311 Or. 434, 451 (1991).  A

Balfour brief comprises two sections:

> Section A of the appellant's brief shall
> contain a statement of the case, including a
> statement of facts, sufficient to apprise the
> court of the jurisdictional basis for the
> appeal. See ORAP 5.40(1) to 5.40(4). Section
> A, under those circumstances, shall contain
> no assignments of error or argument.
>
> Counsel shall also determine whether the
> client seeks to raise with the court any
> issue that the lawyer has determined to be
> frivolous. If the client does not seek to
> raise any issue, then the appellant's brief
> shall be comprised solely of Section A, as
> described above.
>
> If the client seeks to raise one or more
> issues with the court that counsel considers
> to be frivolous, the brief shall contain a
> presentation of the issue or issues in a
> Section B.  Section B of the appellant's
> brief, under those circumstances, shall raise
> any claim of error requested by the client.

Id. 311 Or. 451-52. See also ORAP 5.90 ("The client shall

attempt to state the claim and any argument in support of the

claim as nearly as practicable in proper appellate brief form.").

    In Section B, petitioner set forth the alleged grounds to

support his claim of ineffective assistance of counsel as to his

conviction on each of the three counts charged in the indictment.

They included:  Inadequate trial preparation; failure to present

evidence of an allegedly plausible alibi; failure to examine the
state's evidence for exculpatory DNA evidence; and failure to
argue adequately that there was insufficient evidence to prove
all elements of the crime of Rape I.

The Oregon Court of Appeals affirmed petitioner's conviction
without opinion.  Petitioner filed a Petition for Review in
the Oregon Supreme Court.  The Oregon Supreme Court denied
petitioner's petition for review, thus ending the state appellate
review process.

Contrary to petitioner's contention, the court finds there
is not any evidence in the record that his claim of ineffective
assistance of counsel as to the imposition of consecutive
sentences was fairly presented or raised at all in the Oregon
Court of Appeals or Oregon Supreme Court.  Those courts would
have had to read beyond petitioner's petition or brief to alert
them to the presence of his Sixth Amendment claim.  Baldwin,
541 U.S. at 32.

Petitioner points out the Ninth Circuit has certified to the
Oregon Supreme Court the question whether a petition for review
filed in that Court that merely incorporates the Balfour brief by
reference is sufficient to present the federal question
previously raised specifically in the Court of Appeals.  See
Farmer v. Baldwin, 497 F.3d 1050, 1055-56 (9th Cir. 2007).  The
Oregon Supreme Court has yet to issue an opinion.  I conclude,

6 - OPINION AND ORDER

however, that an affirmative answer to that question would not
avail petitioner here because petitioner did not adequately state
the federal question in his Balfour brief filed in the Oregon
Court of Appeals in the first instance.

Accordingly, the court concludes petitioner failed to
exhaust his state court remedies and is procedurally defaulted
from pursuing a federal habeas claim in this court as to his
trial counsel's alleged ineffectiveness in failing to challenge
the imposition of consecutive sentences under the Sixth and
Fourteenth Amendments.

**2.    Application of the Apprendi Decision.**

In State v. Ice, 343 Or. 248 (2007), the Oregon Supreme
Court held that the United States' Supreme Court decision in
Apprendi that facts supporting an enhanced sentence beyond the
statutory maximum must be found by a jury beyond a reasonable
doubt applies in Oregon to the imposition of consecutive
sentences.  Petitioner asserts the imposition of such
consecutive sentences in his case, therefore, violated his
rights under the Sixth and Fourteenth Amendments because the
trial judge did not find the facts supporting the consecutive
sentences beyond a reasonable doubt.

The court, however, need not decide this issue because
petitioner failed to preserve his constitutional claims in the
state courts.

7 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the court **DENIES** petitioner's Second

Amended Petition for Writ of Habeas Corpus (#37)

IT IS SO ORDERED

DATED this 25 day of February, 2008.


   /s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District